IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

QUINCEY B. CARPENTER                                                              PLAINTIFF

VS.                                                     CIVIL ACTION NO. 3:17-cv-1017-DPJ-FKB

SHARON DOUGLAS and
JOHN DAVIS, EXECUTIVE DIRECTOR,
MISSISSIPPI DEPARTMENT OF HUMAN SERVICES                         DEFENDANTS

## ORDER

Before the Court are two motions for joinder of parties, [5] and [7], filed by Plaintiff, Quincey B. Carpenter. For the reasons described below, the Court finds that both motions should be denied.

Carpenter seeks joinder of twelve plaintiffs pursuant to Fed. R. Civ. P. 20, including the Gangster Disciples and Vice Lords. *See* [5]. "Courts have described Rule 20 as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010)(quoting Fed. R. Civ. P. 20). "[D]istrict courts have considerable discretion to deny joinder when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiffs' claims." *Id.* at 522.

Carpenter does not explain how any of the proposed plaintiffs have claims arising out of the same transaction, occurrence, or series of transactions or occurrences. He describes the common question of law or fact linking any claims as simply that they are "members of a Religious Order known as 'Zion' and Rastafari Practitioners." [5]. Carpenter's motion does not satisfy Rule

20's two-prong test. Additionally, joinder of these parties would not facilitate judicial economy. Accordingly, motion [5] is denied.

Next, Carpenter moves for joinder of three defendants pursuant to Fed. R. Civ. P. 19.[1] "Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). Carpenter moves to add the United States Secretary of State, Governor of Mississippi, and Attorney General of Mississippi as defendants, each in their official and individual capacities. However, he has provided no explanation for why the three additional defendants are necessary for a complete resolution of the dispute at issue. Accordingly, motion [7] is denied.

Should Carpenter wish to add these three defendants, or any others, he should do so in the form of a motion for leave to amend his complaint. *See* Fed. R. Civ. P. 15. The amended complaint "must properly plead sufficient facts that . . . state a plausible claim to relief" against each defendant. *See E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

SO ORDERED this the 13th day of April, 2018.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[1] Carpenter actually moves for joinder of a fourth defendant, John Davis. However, Davis is already named as a defendant. *See* [1].